FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

DEC 12 2008

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JAMES A. OBESO, ATTORNEY AD LITEM FOR ARTURO MUNOZ-TORRES, A MINOR, <br><br> Plaintiff, <br><br> v. <br><br> ROSS L. JACOBSON, M.D., THE LONGSTREET CLINIC, P.C., and NORTHEAST GEORGIA MEDICAL CENTER, INC., <br><br> Defendants. | JURY TRIAL DEMANDED <br><br> CIVIL ACTION FILE NO. _____ <br><br> 2 08-CV-0248 |

## COMPLAINT FOR DAMAGES

COMES NOW JAMES A. OBESO, Plaintiff in the above-styled action and for his Complaint against Defendants, shows the Court as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff James A. Obeso is a resident of St. Petersburg, Florida. Arturo Munoz-Torres, born December 15, 2006, is a resident of the Kidz Corner Skilled Nursing facility in Plantation, Florida.

2.

On June 18, 2008, Plaintiff James A. Obeso was appointed Attorney Ad Litem for Arturo Munoz-Torres by the Circuit Court, Sixth Judicial Circuit in

and for Pinellas County, Florida and, as such, is loco parentis, and is responsible for the care and well being of the minor child. He brings this action Individually and as Next Friend and person loco parentis of Arturo Munoz-Torres.

3.

Upon information and belief, Defendant Ross L. Jacobson, M.D. practiced medicine in December 2006 in the State of Georgia, through a medical association known as The Longstreet Clinic, P.C., having an office and transacting business at 725 Jesse Jewell Parkway, Suite 270, Gainesville, Hall County, Georgia 30501.

4.

Defendant Ross L. Jacobson, M.D. may be served pursuant to Fed. R. Civ. P. 4(e) personally, at his residence, 3080 Chattahoochee Trace, Gainesville, Hall County, Georgia 30506, or his place of employment, 725 Jesse Jewell Parkway, Suite 270, Gainesville, Hall County, Georgia 30501.

5.

Defendant The Longstreet Clinic, P.C., may be served pursuant to Fed. R. Civ. P. 4(h) through its registered agent for service, Mimi Collins, 725 Jesse Jewell Parkway, Suite 270, Gainesville, Hall County, Georgia 30501.

6.

Defendant Northeast Georgia Medical Center, Inc. may be served pursuant to Fed. R. Civ. P. 4(h) through its registered agent for service, James E. Gardner, 743 Spring Street, Gainesville, Hall County, Georgia 30501.

7.

Jurisdiction is founded upon diversity of citizenship and is based on the provisions of 28 U.S.C. § 1332, this action being one between citizens of this State and a subject of a foreign state. The amount in controversy, exclusive of interest, costs and damages for prejudgment delay is in excess of Seventy Five Thousand Dollars ($75,000.00).

8.

Venue in this division of this Court is proper pursuant to 28 U.S.C. § 90, and because the location of this Court is the most convenient to the parties, the most convenient to the witnesses, and the most closely associated with the events giving rise to Plaintiff's claims.

## FACTS

9.

At all times relevant hereto, Defendant Ross L. Jacobson, M.D was an employee of Longstreet Clinic, P.C. and at the time of the events giving rise to this Complaint was acting within the course and scope of his employment.

10.

Defendant Ross L. Jacobson, M.D is a physician duly licensed under the laws of the State of Georgia.

11.

In December 2006 Dr. Jacobson assumed and undertook duties and responsibilities as Obstetrician for Amanda Rae Hernandez.

12.

On December 15, 2006, Amanda Hernandez, then 33 weeks pregnant, arrived via ambulance at Northeast Georgia Medical Center complaining of severe abdominal pain. Ms. Hernandez had a history of three previous preterm deliveries, two via cesarean section, and a placental accreta. She had a complicated antenatal course, including the placement of a cervical cerclage at 14 weeks.

13.

Ms. Hernandez was admitted to the Labor and Delivery Department at 7:11 a.m. to Dr. Jacobson's care, and was subsequently placed on an electronic fetal heart monitor, and given oxygen and fluids.

14.

Ms. Hernandez continued to complain of severe abdominal pain, despite narcotic pain medication, and also complained of dizziness. Ms. Hernandez explained that she felt as if her "whole stomach and insides were ripping out" and she thought she would pass out.

15.

Throughout the morning, nurses were noting "regular fetal heart rate," and a maternal heart rate in the 90's and low 100's.

16.

At 11:43 the nurse noted Ms. Hernandez's complaint of pain "all over" and difficulty breathing due to pain, and updated Dr. Jacobson regarding the patient's continued complaints of pain.

17.

At 11:45 a.m. Dr. Jacobson reviewed the fetal heart monitor strip and ordered discontinuation of continuous fetal heart monitoring.

18.

At 11:55 Ms. Hernandez was complaining of "pressure" and the need to push. Dr. Jacobson came to see the patient and advised Ms. Hernandez that he could not deliver the baby but would try to ease her discomfort. Dr. Jacobson ordered a maternal fetal medicine (MFM) consult which included an ultrasound to occur that day.

19.

At 12:12, the nurse records that she has taken Ms. Hernandez off the electronic fetal heart monitor pursuant to the doctor's order.

20.

At or around 15:33 on December 15, 2006, Dr. Allaire, maternal fetal specialist, evaluated Ms. Hernandez for complaints of abdominal pain with a history of placenta accreta. Dr. Allaire found Amanda complaining of severe abdominal pain with an exquisitely tender abdomen, rebound tenderness and guarding. An ultrasound revealed a fetal heart rate of 70-90 beats per minute.

21.

Dr. Allaire notified Dr. Jacobson of the need for an emergency cesarean section secondary to prolonged fetal heart rate deceleration and acute abdominal pain. Dr. Allaire noted his differential diagnosis as suspected placental abruption vs. uterine rupture. A c-section was called at or around 15:50.

22.

On December 15, 2006, at or around 16:20, Arturo Munoz-Torres, a 5lb 3oz male, was delivered via c-section with no respiratory effort, no muscle tone, no reflex irritability and abnormal skin color. Arturo was intubated and ultimately made spontaneous respiratory efforts. Arturo's APGAR scores were 1, 5, and 7.

23.

Shortly after birth Arturo developed tonic seizures, and a non-contrast CT scan of the head performed on December 21, 2006 revealed diffuse cerebral edema. Arturo was discharged on January 6, 2007 with a diagnosis of fetal distress with fetal bradycardia, severe metabolic acidosis, and neonatal seizures, amongst others.

24.

Arturo has been diagnosed with cerebral palsy, and requires a feeding tube and 24-hour care. He is currently receiving full time care at the Kidz Corner Skilled Nursing facility in Plantation, Florida.

25.

At all times material hereto, Defendant Northeast Georgia Medical Center, Inc. had the right to control the time, manner, and method of duties performed by the nurses and other staff at the Hospital, including the Labor and Delivery Department (Obstetrical Services), and had the right to discharge the nurses and other staff of the Hospital.

26.

At all times material hereto, the nurses and other staff of Defendant Hospital, including the Labor and Delivery staff, were agents of Defendant

Hospital such that the negligence of these agents and employees may be imputed to this Defendant pursuant to the doctrine of *respondeat superior*.

## COUNT ONE

### Allegation of Professional Negligence against Defendants

27.

Plaintiff repeats, realleges, and incorporates by reference, the allegations of Paragraphs 1 through 26 of this Complaint as if repeated herein as Paragraph 27.

28.

Defendant Ross L. Jacobson, M.D. was required and obligated to provide care to Amanda Hernandez and her child, Arturo Munoz-Torres that complied with the standard of care and skill of such persons generally under the same or similar circumstances.

29.

Defendant Dr. Jacobson breached the duty he owed to Amanda Hernandez and her child Arturo Munoz-Torres by failing to exercise a reasonable degree of care and skill applicable to physicians generally, and such want of care and skill resulted in substantial injury to Arturo.

30.

The agents and employees of Defendant Northeast Georgia Medical Center, Inc. were required and obligated to provide care to Amanda Hernandez and her child Arturo Munoz-Torres that complied with the standard of care and skill of such persons generally under the same or similar circumstances.

31.

The nurses and staff of Defendant Northeast Georgia Medical Center breached the duty they owed to Amanda Hernandez and her child Arturo Munoz-Torres by failing to exercise a reasonable degree of care and skill, and such want of care and still resulted in substantial injury to Arturo.

32.

More specifically, the Defendants failed to exercise that degree of care and skill which would ordinarily have been employed by the medical profession generally under the circumstances by at least, but not limited to, the following particulars: (1) Dr. Ross Jacobson, deviated from the applicable standards of care by failing to appreciate the significance of a complaint of severe abdominal pain in a high risk patient, like Amanda Hernandez, and ordering continuous electronic fetal monitoring to be discontinued; (2) Northeast Georgia Medical Center, by and through its nurses, deviated from the applicable standards of care by discontinuing continuous fetal heart rate monitoring, given the patient's history, presentation and complaints on December 15, 2006.

33.

As a direct and proximate result of Defendants' acts and omissions, Arturo Munoz-Torres suffered an anoxic brain injury resulting in cerebral palsy. As a result, Arturo has required extensive medical care, and will continue to require medical care including 24-hour skilled nursing care, for the remainder of his life. Plaintiff is entitled to recover for these expenses.

34.

As a direct and proximate result of the negligence of Defendants, Arturo Munoz-Torres has experienced substantial pain and suffering as well as medical

expenses for which he may ultimately be responsible and the lost ability to work and labor and earn income for which he is entitled to recover damages.

35.

Defendants are liable to Plaintiff for negligence and malpractice.

36.

As a direct and proximate result of Defendants' professional negligence, Plaintiff James A. Obeso, individually and on behalf of Arturo Munoz-Torres, is entitled to an award of special damages in an amount to be shown at trial, and general damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

37.

This is an action for professional malpractice under O.C.G.A. § 51-1-27. Pursuant to O.C.G.A. § 9-11-9.1, attached hereto as Exhibits "A" and "B" are the Affidavits of Joseph Michael L. Potruch, M.D., and Kim Shea, RN, expert medical witnesses competent to testify in this matter, which each set forth specifically at least one of the negligent acts and omissions which form the basis of Plaintiff's complaint against the Defendants and set forth the factual basis for such claims as set forth in this Complaint.

WHEREFORE, Plaintiff prays FOR A TRIAL BY JURY, that summons issue, that judgment be entered in his favor and against the Defendant, and that the following relief be granted:

(a) Under Count One, that Plaintiff James A. Obeso be awarded special damages in the amount proved at trial, and that he be awarded general damages in an amount to be determined by a jury of his peers, against Defendants, jointly, in excess of Ten Thousand ($10,000.00) Dollars; and

(b)    That Plaintiff be awarded such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>WARSHAUER POE & THORNTON, P.C.
>
>By: _____
>Lyle Griffin Warshauer
>State Bar No. 171941
>
>By: _____
>Michael J. Warshauer
>State Bar No. 018720

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 fax