IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JAMES A. OBESO, ATTORNEY AD LITEM FOR ARTURO MUNOZ-TORRES, A MINOR,<br><br>    Plaintiff,<br><br>v.<br><br>ROSS L. JACOBSON, M.D., THE LONGSTREET CLINIC, P.C., and NORTHEAST GEORGIA MEDICAL CENTER, INC.,<br><br>    Defendants. | JURY TRIAL DEMANDED<br><br><br>CIVIL ACTION<br>FILE NO. 2:08-CV-0248-RWS |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

**(a)    Describe briefly the nature of this action.**

This is a medical malpractice case concerning the injuries to Arturo Munoz-Torres, a minor.

**(b)    Summarize, in the space provided below, the facts of the case. The summary should not be argumentative nor recite evidence.**

On December 15, 2006, Amanda Hernandez, then 33 weeks pregnant, was admitted to the Labor and Delivery Department at Northeast Georgia Medical Center where she received treatment from Defendants, among other people.  A

decision was made to perform an emergency cesarean section, and Arturo Munoz-Torres, a 5lb 3oz male, was delivered with no respiratory effort, no muscle tone, no reflex irritability and abnormal skin color. Arturo was discharged on January 6, 2007. Arturo has been diagnosed with cerebral palsy, and is currently receiving full time care at the Kidz Corner Skilled Nursing facility in Plantation, Florida.

Plaintiff contends that the Defendants were negligent in failing to appreciate and respond to Ms. Hernandez' complaints of abdominal pain and in discontinuing continuous electronic fetal heart monitoring.

Defendants deny that they committed medical malpractice or that they are liable to Plaintiff in any way.

**(c)    The legal issues to be tried are as follows:**

(1)    Whether any of the Defendants breached their duty of care to exercise the degree of care and skill ordinarily employed by medical professionals;

(2)    Whether any of the Defendants' negligence proximately caused the permanent injuries to Arturo Munoz-Torres;

(3)    If an award of damages is appropriate, what amount of damages is

necessary to compensate Plaintiff.

**(d)  The cases listed below (include both style and action number) are:**

    (1)    Pending Related Cases:

None.

    (2)    Previously Adjudicated Related Cases:

None.

**2.  This case is complex because it possesses one (1) or more of the features listed below (please check):**

    (1)    Unusually large number of parties

    (2)    Unusually large number of claims or defenses

    (3)    Factual issues are exceptionally complex

X (4)    Greater than normal volume of evidence

X (5)    Extended discovery period is needed

X (6)    Problems locating or preserving evidence

    (7)    Pending parallel investigations or action by government

X (8)    Multiple use of experts

    (9)    Need for discovery outside United States boundaries

X (10)  Existence of highly technical issues and proof

**3.  Counsel:**

The following individually-named attorneys are hereby designated as

lead counsel for the parties:

Plaintiff James A. Obeso, Attorney Ad Litem:

>Michael J. Warshauer, Esq.
>Lyle Griffin Warshauer, Esq.
>Warshauer Poe & Thornton
>Suite 2000, Riverwood Parkway
>Atlanta, GA 30339

Defendant Jacobson and The Longstreet Clinic:

>Weymon H. Forrester, Esq.
>Elizabeth F. Latta, Esq.
>Forrester & Brim
>PO Box 1688
>Gainesville, GA 30503

Defendant Northeast Georgia Medical Center, Inc.

>Thomas M. Cole, Esq.
>David H. Dickerson, Esq.
>Whelchel, Dunlap, Jarrard & Walker
>PO Box One
>Gainesville, GA 30503

**4. Jurisdiction:**

Is there any question regarding this court's jurisdiction?

___Yes     X No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should

4

be supported by authority.

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

The parties are not aware of any such person at this time.  However, the parties wish to make the Court aware of the fact that parents of the minor child do not have custody, and a Petition has been filed in the Circuit Court of The Sixth Judicial Circuit, Pinellas County, Florida to terminate their parental rights.  Once the parental rights have been terminated, a permanent guardian will be appointed, and that person will then be substituted as Plaintiff in this action.  Unless and until the parental rights have been terminated, the parties recognize that the parents may have a potential claim under Georgia law.

(b)    The following persons are improperly joined as parties:

The parties are not aware of any such person at this time.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

The parties are not aware of any such omissions at this time.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's

name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time, but the parties reserve the right to amend as allowed by the rules of this Court. See response to 5 (a) above.

(b)    Amendments to the joint pleadings submitted LATER THAN (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)    *Motions to Compel:* before the close of discovery or within the extension

period allowed in some instances. Local Rule 37.1.

(b)  *Summary Judgment Motions:*  Summary judgment motions and other dispositive motions must be filed on or before October 20, 2009.

(c)  *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony:*

Any party objecting to an expert's testimony based upon *Daubert v. Merrell Dow Parms., Inc.*, 509 U.S. 579 (1993) shall give notice to the opposing party of the intent to file a *Daubert* motion within fifteen (15) days of the expert's deposition, and the party offering the testimony shall have an opportunity to submit a revised Rule 26 Report.  Should the party still wish to file a Motion regarding the admissibility of an expert's testimony, all *Daubert* motions must be filed prior to the close of discovery.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties DO NOT request a scheduling conference at this time. The parties do, however, request a pretrial conference.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)- months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**The parties request a discovery period that runs from Friday, January 30, 2009 through September 30, 2009.**

Please state below the subjects on which discovery may be needed:

Discovery will be needed concerning the following matters, among other things:

1. Arturo Munoz-Torres' past, present, and future medical conditions and history.

2. The life care needs of Arturo Torres.

3. The factual basis of Plaintiff's claims against all Defendants.

4. The medical history of Amanda Hernandez, including the history of prior pregnancies and deliveries.

5. The medical condition and future medical needs, if any, of Arturo Torres' siblings.

6. The opinions of Plaintiff's liability and medical expert(s). Plaintiff intends to call as experts Dr. Michael Potruch and Kimberly Shea, RN. Plaintiff also anticipates offering the testimony of one or more of Arturo's treating physicians to establish the nature and extent of his injuries.
Plaintiff reserves the right to designate additional experts and will do so in a timely fashion.

7. The opinions of Defendants' liability and damages experts.

8. The policies and procedures for Labor and Delivery at the Defendant Hospital.

If the parties anticipate that additional time beyond that allowed by the

assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

    The parties will endeavor to complete all discovery during the eight month period, but reserve the right to request additional time should the need arise.

**11. Discovery Limitation:**

    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

    The parties agreed that all correspondence and other communication between the parties and their attorneys on the one side and expert witnesses on the other be privileged and protected from disclosure.

**12.    Other Orders:**

    What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

    None at this time, other than the parties' request for protection of expert

communications as outlined in Paragraph 11 above.

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 12, 2009, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

| | |
|---|---|
| For Plaintiff: | Lead counsel (signature):<br>/s/ *Lyle Griffin Warshauer*<br>Lyle Griffin Warshauer |
| For Defendant Jacobson and The Longstreet Clinic: | Lead counsel (signature):<br>/s/ *Weymon H. Forrester*<br>Weymon H. Forrester |
| For Defendant Northeast Georgia Medical Center, Inc.: | Lead counsel (signature):<br>/s/ *Thomas M. Cole*<br>Thomas M. Cole |

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

| | |
|---|---|
| (        ) | A possibility of settlement before discovery. |
| ( X     ) | A possibility of settlement after discovery. |
| (        ) | A possibility of settlement, but a conference with the judge is needed. |
| (        ) | No possibility of settlement. |

11

(c) Counsel (X) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is July 30, 2009.

(d) The following specific problems have created a hindrance to settlement of this case:

None.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (\_\_\_\_) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_\_ day of _____, 20\_\_\_\_.

(b) The parties ( ) do ( X ) **do not** consent to having this case tried before a magistrate judge of this court.

This 16th day of January, 2009.

/s/ Michael J. Warshauer
Michael J. Warshauer
Georgia Bar No. 018720
/s/ Lyle Griffin Warshauer

Lyle Griffin Warshauer
Georgia Bar No. 171941
Counsel for Plaintiff
WARSHAUER, POE & THORNTON P.C.
Suite 2000
3350 Riverwood Parkway
Atlanta, GA 30339
404-892-4900 phone
404-892-1020 fax


/s/ Weymon H. Forrester
Weymon H. Forrester
Georgia Bar No. 266700
Counsel for Jacobson and The Longstreet Clinic
FORRESTER & BRIM
PO Box 1688
Gainesville, GA 30503
770-531-0800 phone
770-536-7789 fax


/s/ Thomas M. Cole
Thomas M. Cole
Georgia Bar No. 177382
Counsel for Northeast Georgia Medical Center, Inc.
WHELCHEL, DUNLAP, JARRARD & WALKER
PO Box One
Gainesville, GA 30503
770-535-4001 phone
770-532-7361 fax

13

\* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Schedule form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2009.

_____
The Honorable Richard W. Story
United States District Court for the
Northern District of Georgia

## **CERTIFICATE OF COMPLIANCE**

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1C (Times New Roman, 14 pt.) for documents prepared by computer.

This 16th day of January, 2009.

/s/  Lyle Griffin Warshauer
Lyle Griffin Warshauer

# CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.4, Northern District of Georgia, I hereby certify that I have served Defendant with a copy of **Joint Preliminary Report and Discovery Plan** by using the CM/ECF system, which will automatically send email notification to the following attorneys of record:

Weymon H. Forrester, Esq.
Forrester & Brim
PO Box 1688
Gainesville, GA 30503

Thomas M. Cole, Esq.
Whelchel, Dunlap, Jarrard & Walker
PO Box One
Gainesville, GA 30503

This 16th day of January, 2009.

> Respectfully submitted,
> WARSHAUER POE & THORNTON, P.C.
>
> By:   /s/ Lyle Griffin Warshauer
> Michael J. Warshauer
> Georgia Bar No. 171941

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900