**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

JAMES A. OBESO, ATTORNEY          :
AD LITEM for AMT, a minor,        :
                                  :
     Plaintiff,              :
                                  :          CIVIL ACTION NO.
v.                                :          2:08-CV-0248-RWS
                                  :
ROSS L. JACOBSON, M.D., THE       :
LONGSTREET CLINIC, P.C., and      :
NORTHEAST GEORGIA                 :
MEDICAL CENTER, INC.              :
                                  :
     Defendants.             :
                                  :

**ORDER**

This case comes before the Court on Defendants' Joint Motion to

Dismiss [143] and Plaintiff's Motion to Exclude Steven M. Day, Ph.D. from

Testifying as an Expert [162].  After considering the record, the Court enters the

following Order.

**Background**

This is a medical malpractice case in which Plaintiff alleges that the

Defendants failed to properly monitor AMT's mother while she was being

observed and evaluated by Defendants during her pregnancy; and as a result,

Defendants failed to timely recognize signs of fetal distress, which resulted in AMT suffering severe neurological deficits at birth.

AMT was born at Northeast Georgia Medical Center on December 15, 2006.  Several months after his birth AMT's family moved to Florida.  Following numerous hospitalizations between March and September 2007 for complications associated with cerebral palsy, AMT was placed in a medical hold in October 2007 by the Florida Department of Children and Family Services (DCFS).  Due to his severe disability and need for skilled care, he was transferred to Kidz Corner in Plantation, Florida for continuity of care.

In October 2007, a dependency action was commenced in the Family Court for the Sixth Judicial Circuit in Pinellas County, Florida to determine the parental rights of AMT's parents.  AMT's parents' rights were terminated by order of the Family Court, and AMT has been committed to the State of Florida DCFS for subsequent adoption.  In the context of the dependency action, the court appointed James Obeso to act as the Attorney ad Litem for AMT.  Mr. Obeso retained counsel to pursue this action on behalf of AMT.

## I.      Defendants' Joint Motion to Dismiss [143]

Defendants argue that Mr. Obeso lacks the capacity to bring this suit on

behalf of AMT because he is not a "general guardian" or "like fiduciary," is not

an adequate representative for AMT, and does not have the right to recover

damages or any medical expenses incurred by AMT.

Federal Rule of Civil Procedure 17(b) sets forth the general requirements

on the capacity to sue or be sued.  However, Rule 17(c) sets forth requirements

in cases involving a minor or an incompetent person.  Specifically, Rule

17(c)(1) states:

> The following representatives may sue or defend on behalf of a
> minor or an incompetent person:
>     (A) a general guardian;
>     (B) a committee;
>     (C) a conservator; or
>     (D) a like fiduciary.

Obeso argues that he was specifically appointed by a Florida court to act as

AMT's representative in an action such as the present one.  The June 18, 2008

Order of the family court states "the Court has determined that it is in the

child's best interest to be represented by an attorney ad litem because . . . the

child may have a civil court cause of action."  (Ex. 1, Dkt. [143]).  That Order

further states that:

> James A. Obeso is appointed to serve as a contract attorney
> through the State of Florida Guardian ad Litem Program as

3

>  attorney ad litem to represent the legal interest of [AMT].  The
>  attorney ad litem is granted full authority to file pleadings, conduct
>  discovery and represent the child's express wishes.

(Id.).  Because Mr. Obseso was appointed by a Florida court to act as AMT's

representative specifically in anticipation of a civil action such as this, the Court

finds that he is AMT's representative either as a "general guardian" or "like

fiduciary."  See Fed. R. Civ. P. 17(c)(1)(A), (c)(1)(D).  AMT is the real party in

interest in this action, but as a minor he needs an individual to represent his

interests in this action.  The State of Florida has appointed Mr. Obeso to do just

that.

Based upon Mr. Obeso's representation of AMT and the prosecution of

this action to this point, the Court does not find that there is any merit to the

argument that Mr. Obeso is not an adequate representative for AMT.  There is

no indication that AMT's interests have not been fully protected through Mr.

Obeso's representation of him.  Finally, Defendants argue that Mr. Obeso is not

entitled to collect medical expenses on behalf of AMT, because the State of

Florida is currently paying for those expenses.  First, Mr. Obeso was appointed

by the State of Florida to pursue any potential civil action necessary to protect

the rights of AMT and to secure any remedies to which he may be entitled.

AO 72A
(Rev.8/82)

Second, as set forth in this Court's September 29, 2010 Order [173], Reliance Trust Company has been appointed as the Conservator of the Property of AMT. Mr. Obeso has no intent to, and is not expected to, receive and manage any money for AMT that may result from this action.  Therefore, the Court does not find that there is any basis to exclude Mr. Obeso as AMT's representative on grounds associated with the receipt of funds.

Defendants' Joint Motion to Dismiss [143] is **DENIED**.

## II.    Plaintiff's Motion to Exclude [162]

Plaintiff's Motion [162] seeks to exclude Dr. Steven M. Day from testifying for Defendants regarding AMT's life expectancy.  Plaintiff argues that: (1) Defendants' designation of Dr. Day was not timely; (2) Dr. Day's opinions are not reliable and should be excluded in their entirety on the basis of Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); and (3) Defendants should be precluded from offering the testimony of any witness on the issue of AMT's life expectancy, as a sanction for Defendants' contempt of the Court's Order covering the evaluation conducted by their first life expectancy expert.

The Court agrees that Defendant's designation of Dr. Day came extremely late in the day and his expert report was not produced until five days after the close of discovery.  Nonetheless, given that both parties were still conducting discovery after the official close of the discovery period and given that this case has not yet been set for trial and is likely at least three months from a trial date, the Court will not exclude Dr. Day on the basis of timeliness.  Second, for the reasons set forth in this Court's April 29, 2010 Order [165], Defendants will not be precluded from offering expert testimony on AMT's life expectancy as a sanction.  Plaintiffs have not yet deposed Dr. Day and were awaiting a decision on whether he would be excluded upon the basis of either timeliness or as a sanction, before doing so.  Therefore, the Court will also not exclude Dr. Day on the basis of <u>Daubert</u>, 509 U.S. 579, at this time.  Once Plaintiff has had an opportunity to examine the data underlying Dr. Day's opinion and an opportunity to depose him, they may renew their Motion to Exclude.

## Conclusion

For the aforementioned reasons, Defendants' Joint Motion to Dismiss [143] is **DENIED**, and Plaintiff's Motion to Exclude Steven M. Day, Ph.D.

AO 72A
(Rev.8/82)

from Testifying as an Expert [162] is **DENIED**, **with right to renew**.

  **SO ORDERED**, this  30th  day of September, 2010.


  RICHARD W. STORY
  United States District Judge

AO 72A
(Rev.8/82)