FILED IN CHAMBERS
U.S.D.C. Gainesville

JUL 25 2011

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JAMES A. OBESO, ATTORNEY AD LITEM FOR AMT, A MINOR, and RELIANCE TRUST COMPANY, AS CONSERVATOR OF AMT'S ESTATE,

  Plaintiffs,

v.

ROSS L. JACOBSON, M.D., THE LONGSTREET CLINIC, P.C.,

  Defendants.

CIVIL ACTION
FILE NO. 2:08-CV-0248-RWS

## ORDER APPROVING THE RESOLUTION OF PLAINTIFFS' CLAIMS AGAINST ROSS L. JACOBSON, M.D., AND THE LONGSTREET CLINIC, P.C.

This matter having come before the Court on the Plaintiffs' Motion to approve Plaintiffs' confidential settlement with Defendants Ross L. Jacobson, M.D. and The Longstreet Clinic, P.C. (hereinafter Jacobson and Longstreet), and the Court having considered the terms of the settlement and the best interests of the minor child at issue, it is hereby ordered as follows:

1.

James A. Obeso, Attorney ad Litem for the minor child at issue, referred to herein and in the parties' Settlement and Release as AMT, and Reliance Trust

1

Company ("Reliance"), Conservator of the Property of AMT, in their representative capacities as guardians, next friends and fiduciaries of AMT are ordered to execute the Settlement and Release Agreement as it is appears to the Court that dismissing and settling with Jacobson and Longstreet for the consideration recited within the Settlement and Release Agreement is in the best interests of AMT. As the Settlement and Release Agreement is confidential, the original shall be maintained by Jacobson and Longstreet and not filed with this Court.

2.

The Court further finds that an allocation pursuant to *Arkansas Department of Human Resources v. Ahlborn*, 547 U.S. 268 (2006) is necessary, as Florida's Agency for Healthcare Administration has asserted a lien for the amount of past Medicaid benefits it has paid on behalf of the minor Plaintiff.

3.

In determining the allocation, the Court recognizes that Medicaid's lien is against only the portion of the gross settlement representing compensation for past medical expenses. The Court further recognizes that the parties dispute whether the Plaintiffs in this case have a right to recover medical expenses on behalf of the minor. Finally, the Court recognizes that the majority of the damages recovered represent non-economic damages, such as pain and

suffering. The Agency did not intervene in this action to protect its rights; nor did it appear at the hearing to present any contrary evidence to demonstrate the amount of the settlement representing compensation for past medical expenses. The Plaintiffs have nevertheless proposed an allocation that assumes some portion of the recovery represents past medical expenses. Specifically, Plaintiffs have shown that no more than $6,000.00 of the settlement represents compensation for medical expenses. Medicaid's right of recovery must also take into consideration the Plaintiffs' costs in securing the gross settlement, and be reduced accordingly. Pursuant to *Ahlborn*, the Court therefore allocates $6,000.00 of the settlement to past medical expenses, and orders the Agency to accept $5,000.00 as full and complete satisfaction of its lien.

4.

This Court approves the distribution of the consideration described in the Settlement and Release Agreement to allow for payment of attorneys' fees and expenses to Plaintiffs' counsel as described in the instant motion. The remaining sums are to be managed by Reliance Trust Company ("Reliance"), guardian of the property of AMT for the best interests of the AMT.

5.

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs' claims against Jacobson and Longstreet are hereby dismissed with prejudice.

SO ORDERED, this __25th__ day of __July__, 2011.

_____
RICHARD W. STORY, Judge
United States District Court,
Northern District of Georgia
Gainesville Division

CONSENTED TO:

_____
MICHAEL J. WARSHAUER
Georgia Bar No.: 018720
Attorney for Plaintiffs

**WARSHAUER LAW GROUP, P.C.**
3350 Riverwood Parkway
Suite 2000
Atlanta, GA  30339
(404) 892-4900

_____
**WEYMON H. FORRESTER**
Georgia Bar No: 269700
Attorney for Defendants Jacobson
and The Longstreet Clinic, P.C.

**FORRESTER & BRIM**
P.O. Box 1688
Gainesville, GA  30503
(770) 531-0800

4